UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 22 RIVER HOUSE LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MCLAREN AUTOMOTIVE, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-10195-EKL<br><br>**ORDER PERMITTING JOINDER AND REMANDING CASE**<br><br>Re: Dkt. Nos. 16, 18, 22, 25, 26, 33 |

This case arises from "Monterey's world-famous Car Week." Compl. ¶ 2, ECF No. 1-1. Defendant McLaren Automotive, Inc. – a supercar manufacturer – and its promotional agent, The BMF Media Group, LLC, rented Plaintiffs' property to host a week-long media event. *Id.* The parties' relationship took a wrong turn when Defendants allegedly failed to obtain a permit from the County of Monterey, which resulted in a hefty citation of $505,359 against Plaintiffs. *Id.* ¶¶ 3-9. Even worse, Defendants allegedly concealed the initial citation so they could continue running their event, which resulted in an increased fine of $762,875. *Id.* ¶¶ 10-17.

Before filing this case, Plaintiffs filed an identical case against McLaren and BMF in Monterey County Superior Court. *See* Notice of Removal ¶ 8, ECF No. 1. After the case was removed to federal court on the basis of diversity jurisdiction, Plaintiffs voluntarily dismissed it, noting their intent "to join additional defendants and refile." *Id.* ¶ 9; Fisher 12/10/25 Decl. ¶ 2, ECF No. 25-1. On November 3, 2025, Plaintiffs filed the instant case in Monterey County Superior Court. *See* ECF No. 1-1. But due to "an administrative error," Plaintiffs incorrectly refiled the original complaint from the prior action, without adding new defendants. Fisher 12/10/25 Decl. ¶ 5. Once again, the case was removed to federal court on the basis of diversity jurisdiction. *Id.* ¶ 6. The day after removal, Plaintiffs promptly filed an amended complaint,

which seeks to join Peninsula Luxe, Inc. as a Defendant. *See* Am. Compl. ¶ 3, ECF No. 9; *see also* Redline, ECF No. 13-1. Because joinder of Peninsula Luxe would defeat diversity jurisdiction, the Court must now decide whether to permit joinder. For the following reasons, the Court permits joinder and remands the case to Monterey County Superior Court.

When a plaintiff seeks to join a defendant post-removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This statutory language is permissive and "clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to permit joinder, courts consider the following factors: (1) "whether the claims against the proposed defendant appear valid," (2) "whether the proposed defendant is a necessary party," (3) "whether any statute of limitations would preclude an original action against the proposed defendant in state court," (4) "whether the plaintiff has unjustifiably delayed in seeking joinder," (5) "whether denying joinder would prejudice the plaintiff," and (6) "whether joinder is intended solely to defeat federal jurisdiction." *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1098 (N.D. Cal. 2024) (quotation omitted).

Having reviewed the entire record, the Court finds that the balance of the factors supports joinder. First, Plaintiffs' negligence claim against Peninsula Luxe appears valid. It rests on a straightforward theory that Peninsula Luxe knew of the first citation, but concealed the information from Plaintiffs, which caused the fine to increase. *See* Am. Compl. ¶¶ 12, 17, 21, 94-97. Second, the claims against Peninsula Luxe, McLaren, and BMF are all related and arise from the same set of facts, such that separate litigation would be highly inefficient. Third, joinder does not appear to be for the improper purpose of defeating federal jurisdiction. As all parties acknowledge, Plaintiffs intended to join Peninsula Luxe in the original complaint in this action, which would have prevented removal. Fourth, Plaintiffs acted promptly by trying to correct their pleading error within one day after removal. The other factors are insignificant here.

Accordingly, this case is REMANDED to Monterey County Superior Court. The pending motions to dismiss, ECF Nos. 16, 26, are TERMINATED as moot. Plaintiffs' motion to extend the briefing schedule on the motions to dismiss, ECF No. 33, is also TERMINATED as moot.

1     The Court admonishes Plaintiffs' counsel for failing to take greater care in naming all
2 defendants in the initial complaint to avoid unnecessary pit stops in federal court.  The Court also
3 notes that Plaintiffs' counsel could have conserved judicial and party resources by taking a more
4 courteous approach to this litigation.  All parties correctly anticipated that the Court would address
5 whether to remand the case before addressing Defendants' motions to dismiss.  Counsel for
6 McLaren and BMF sought reasonable courtesy extensions of the deadline to file responsive
7 pleadings.  Plaintiffs' counsel denied these requests, forcing McLaren and BMF to file their
8 motions.  But then, Plaintiffs' counsel changed course and asked to stay or extend the deadline to
9 respond to the motions to dismiss until after the remand issue was resolved.  Fisher 12/12/25 Decl.
10 Ex. 1 at 5, ECF No. 33-2.  When Defendants offered a one-week extension, Plaintiffs sought relief
11 from this Court through an administrative motion, creating even more avoidable work.  The
12 approach of Plaintiffs' counsel was not the model of civility or professional courtesy, and it
13 reflects insufficient consideration of the Court's limited resources.

**IT IS SO ORDERED.**

Dated: December 23, 2025

_____
Eumi K. Lee
United States District Judge